## RICHARDSON'S ADMR'S *vs*. RICHARDSON ET AL.

1. A testator appointed his widow guardian of his minor children and executrix of his will, and directed the share of each child to be paid on its arriving at full age ; a division of the estate was afterwards had between the widow and children, by persons duly appointed by the Orphans' Court, but no settlement was made with the court ; after the widow's death, her administrators were cited, by one of the testator's legatees, to settle her executorship, and also, by one of her distributees, to settle their administration on her estate ; after due notice, all the parties in interest appeared, and "it was agreed that both estates should be blended and considered as one, as the parties in interest to both were precisely the same ;" and a settlement was made, and a decree rendered accordingly : *Held*, on error assigned by the administrators, that the decree was erroneous, because the two estates could not be thus consolidated by the Probate Court.

ERROR to the Court of Probate of Shelby.

THE error assigned is, the decree of the Court of Probate on the final settlement of the estates of Charles Richardson and Mary Richardson; the administrators of said Mary Richardson being plaintiffs in error. The facts of the case are detailed in the opinion.

WHITE & PARSONS, for plaintiffs in error, contended, that the decree was erroneous, because the settlement of the two estates could not be consolidated, as no execution could issue on such a decree against the sureties on either bond.

F. BUGBEE, *contra*, contended, that plaintiffs in error could not be heard to object to the decree, as it was made by their consent; and that they could not raise the objection that the minors could not consent, as the latter did not assign error for themselves, nor complain of the decree.

PHELAN, J.—From the record it appears, that Charles Richardson died in Shelby County, in 1842, leaving a will, and appointing his wife, Mary Richardson, and another, executor and executrix.

Mary Richardson became sole executrix, and gave bond. In December, 1842, a division of the estate of Charles Richardson was made between his widow and children, ten in number, several of whom were minors, by persons duly appointed by the Orphans' Court, agreeably to the will; but no settlement of the estate was ever made with the court. The executors were made by the will guardians of the minor children, and they were directed to keep the estate together, after paying off to the adults their shares; being required to pay to the minors their shares respectively as they become of age; all the shares to be equal.

Mary Richardson died in 1849, and George M. Randall and Noah T. Richardson were appointed administrators of her estate, and gave bond, and proceeded to administer. In May, 1851, they were cited on the motion of Meroney, one of the legatees of Charles Richardson, to make settlement of the executorship of their intestate on his estate; and in April, 1851, they were

cited on the motion of J. L. Richardson, one of the distributees of Mary Richardson, to make settlement of their administration of her estate.

After due notice, all the parties in interest in both these settlements appeared, and agreed, as the parties in interest in both estates were the same, that the whole matter might be blended and one settlement made of both the estates; in the language of the record, " it is agreed that both estates of the said Mary and the said Charles Richardson be blended and considered as one, as the parties in interest to both are precisely the same." A settlement was made, and a decree rendered accordingly on this presumption.

Now, upon reflection, it will appear that this cannot be so.— The parties in interest in the settlement of the estate of Charles R., are his widow and legatees ; but the parties in interest in the settlement of the estate of Mary R., are her heirs. The interest which her heirs or children have in the settlement and distribution of her estate may be admitted to be the same, in degree, which they had in that of their father under his will ; in both, they would each take an equal child's part. But it will be readily seen, that, in the settlement and distribution of the estate of Charles R., the interest of the widow and that of the children are antagonistical, because their shares must be diminished to the extent of her share. It is impossible, therefore, to blend the settlement and distribution of the two estates, upon the idea that the same parties would be plaintiffs, and the same defendants, in both cases. So far as the stating of the accounts for a settlement goes, Mary Richardson, as executor, and the administrators of Mary Richardson, are the same, it is true, and these would be charged with the duty of stating the accounts in both cases ; but in the matter of contesting these accounts, and in the distribution of the assets after payment of debts, the share to fall to a child must be affected by the share that goes to the widow in the one case, and not in the other.

But, if it were possible to blend a settlement of two estates in this way, it is very questionable, whether the Probate Court, whose powers are limited and special, has any jurisdiction that will authorize it ; and consent, we know, will not confer jurisdiction. An obvious consequence of rendering one decree on the settlement of two estates, would be, to make it impossible to

hold the sureties on the respective bonds liable, on failure of their principals to pay the amount of the decree ; and when minors were concerned, would it be lawful for the court to allow their interests to be jeoparded by such a step, even with the consent of their guardians ?

The decree of the Probate Court is reversed, and the cause is remanded, that the court may proceed, in conformity with these views, to settle the two estates separately, pursuant to the will in the one case, and according to the statute in the other.